Dear Ms. Ledet:
You have asked for an opinion from this office on two matters regarding garnishment proceedings. Specifically, they are:
1. Whether the State of Louisiana is exempt from the $15.00 advance attorney's fee required by R.S. 13:3927 and
2. Is a seizing creditor exempt from the fee in question when a bank account is garnished pursuant to C.C.P. Art. 2411.
In regard to your first question, R.S. 13:3927 requires the plaintiff suing out a writ of garnishment and serving interrogatories on the employer of the debtor to deposit with the clerk of court the sum of $15.00 as a fee for the employer's attorney to answer the interrogatories. This may be charged and collected as other costs.
As a general rule, the state is not required to pay court costs in any judicial proceeding by or against the state, R.S.13:4521. There are certain exceptions but they do not apply to garnishment proceedings. The $15.00 fee at issue, as stated in R.S. 13:3927, is a cost of court and chargeable as such. Therefore, the State is not required to pay this fee.
In answer to your second question, although there is no express provision in C.C.P. Art. 2411, et seq, with regard to the advance payment of any attorney's fees for the interrogatories involved in the writ of fieri facias, a seizing creditor may be required to do so if the statute is read in conjunction with R.S. 13:3927. Art. 2411 states that the seizing creditor may cause the financial institution holding the account to be cited as a garnishee and compel it to answer the interrogatories. The financial institution is not the employer of the debtor and therefor the provisions of R.S. 13:3927 do not specifically apply. In any event, the state would not be required to pay the fee.
We hope that this is responsive to your inquiry, however should you have any additional questions or comments please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT B. BARBOR Assistant Attorney General
RPI/RBB/tp